**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DANIEL BELL, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civ. No. JKB-18-00744** |
| **CSX TRANSPORTATION, INC.,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Following the Court's ruling in April 2024 denying Defendant's summary judgment motion, (ECF Nos. 105, 106), the Court ordered the parties to brief questions relating to class certification and transfer of venue, and the Court referred this case to a United States Magistrate Judge for mediation. (ECF No. 107.) The parties subsequently engaged in a productive mediation process before Magistrate Judge Aslan, and 29 of the 63 Plaintiffs reached settlement agreements with Defendant CSX Transportation, Inc. ("CSX"). (*See* ECF No. 124.) The Court has been advised that for further settlement discussions to be productive, the parties desire additional clarity on the Court's position with respect to class certification and venue transfer.

As to class certification, the Court continues to be highly doubtful that this matter is amenable to resolution on a class-wide basis, for reasons that the Court has already articulated. (*See* ECF No. 105 at 5 n.4.) Moreover, the Court observes that Plaintiffs have stated that they "will not move to certify a class in this case unless the parties agree to settle the case on a class-wide basis." (ECF No. 112.) That said, there is no motion pertaining to class certification pending, and thus any ruling the Court made as to the propriety of class certification would be little more than an advisory opinion.

As to venue transfer, the parties have staked out opposing positions. Plaintiffs have stated that they have no opposition to the cases of non-Maryland Plaintiffs being transferred to their respective home districts. (ECF No. 112.) CSX opposes venue transfer on the grounds that many of the individual Plaintiffs' cases involve overlapping evidence and witnesses, that venue transfer would lead to duplicative work and other inefficiencies, and that there is a risk of inconsistent rulings and review by different appeals courts. (ECF No. 113.)

The Court has considered the issue of venue transfer pursuant to 28 U.S.C. § 1404(a) and under Fourth Circuit precedent.[1] *See Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The Court has also considered the parties' respective views on the question. The Court remains inclined to transfer the cases to the respective districts where each Plaintiff resides. At this point in the life of this case, the Court has resolved various threshold legal questions, (*see* ECF Nos. 50, 105), and it now appears that the only remaining issue is whether CSX violated each individual Plaintiff's rights under the Family and Medical Leave Act. This fact-intensive inquiry is necessarily particularized to each individual Plaintiff, so the risk of inconsistent judgments from different district court rulings appears low, because each case will turn on its own facts. The Court does not share CSX's concern about the possibility of conflicting appellate rulings, because all federal courts apply the same, uniform, federal law. The possibility that different appellate courts might review the Court's rulings differently is not, itself, a reason not to transfer cases.[2] Moreover, the Court's pretrial rulings

---

[1] The Court may transfer venue sua sponte after giving the parties notice and an opportunity to be heard. *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986).

[2] CSX is correct that generally, upon transfer, a transferee court in a federal-question case applies the law of its circuit. *See Murphy v. FDIC*, 208 F.3d 959, 965–66 (11th Cir. 2000); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3846 (hereinafter "Wright & Miller"). CSX raises concerns about the possibility that this Court's pretrial rulings could be subject to contradictory appellate rulings, but this concern is speculative, and the fear that different federal appeals courts could come to different conclusions in applying the same body of federal law may not even be cognizable. *Cf. United States ex rel. Staley v. Columbia/Healthcare Corp.*, 587 F. Supp. 2d 757, 762

constitute the law of the case and will continue to do so upon any future transfer. *See Pac. Coast Marine Windshields v. Malibu Boats*, Civ. No. 11-01594-LJO-BAM, 2011 WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011) ("When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal.").

As for concerns about witness convenience, this appears to be an essentially neutral factor, because some of the CSX witnesses may be inconvenienced by having to travel to multiple different districts while other witnesses will have enhanced convenience from having cases tried closer to home. The factor that most strongly tips in favor of transferring the cases is the fact that—now that the Court has resolved threshold legal questions—the remaining issues are highly fact-specific and are best resolved in the judicial districts where the vast majority of all relevant facts occurred. *See* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3854 & n.29 (observing that "judicial opinions have noted that the administration of justice is better served when the action is litigated in the forum that encompasses the locus of operative facts and thus may have a particular interest in the proper resolution of the dispute" and collecting cases).

Before the Court makes any final decision about venue transfer, the parties will be directed to confer and jointly file a document indicating the proposed transferee districts for each party.[3]

Finally, CSX notes that even if the Court generally transfers the claims of the non-

(W.D. Va. 2008) (rejecting the proposition that "a circuit split qualifies as a change in controlling law" sufficient to reconsider law of the case) (citing *EEOC v. Nw. Airlines, Inc.*, 188 F.3d 695, 700 (6th Cir. 1999) ("Federal law is presumed to be uniform, whether or not it is in fact.")). In any event, the same potential concern is present in multidistrict litigation, yet does not appear to undermine the utility of multidistrict litigation as a method for efficiently resolving large numbers of related cases. *See* 15 Wright & Miller § 3867 (explaining that a federal appeals court reviewing the judgment of a transferee court in a multidistrict litigation applies the law of its own circuit).

[3] The Court appreciates that CSX has already compiled a similar document. (*See* ECF No. 113-7.) However, before making any final decision on transferring, the Court will endeavor to ensure that the parties agree on the appropriate transferee districts.

Maryland Plaintiffs, the claims of three Plaintiffs—Jeremy Clifford, Bryan Stutz, and Kevina Thomas—should not be transferred because their claims involve a challenge solely to CSX's attendance policy, which the Court has already upheld. (ECF No. 113 at 17.) Thus, according to CSX, there is "nothing left for a district court to decide." (*Id.*) The Court agrees that if there is nothing left to do with respect to these Plaintiffs beyond entering final judgment, then transferring these cases would make little sense. The Court expects the parties' filings to reflect this reality.

For the foregoing reasons, it is ORDERED that:

1. Within 21 days of this Memorandum and Order, the parties SHALL JOINTLY FILE a document setting forth the proposed transferee federal judicial district with respect to the claims of each individual Plaintiff. The proposed transferee district shall be the district in which the Plaintiff resided and/or had his or her principal place of employment during the relevant time period of this case. CSX, by making this filing, will not be deemed to waive or forfeit its objections to the propriety of venue transfer.
2. The case is REFERRED to Judge Aslan for further mediation and settlement proceedings to be conducted in the pendency of the Court's final disposition of the question of venue transfer.

DATED this 23 day of October, 2024.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge